In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-088 CV


____________________



WESLIE R. MARKS, Appellant



V.



BRAD C. MARTIN and KATHY I. MARTIN, Appellees






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 99-01-00280-CV






MEMORANDUM OPINION


 This appeal is from a judgment against Weslie R. Marks and in favor of Brad C.
Martin and Kathy I. Martin for breach of a warranty deed. The jury found Marks
breached the deed and awarded the Martins $251,735 in damages, $52,000 for attorney
fees, and $7,500 for attorney fees on appeal. Marks brings this appeal.

 We first address a cross-point raised by appellees. The Martins contend the trial
court erred in failing to award them pre-judgment interest. The record does not reflect
appellees filed a notice of appeal. Accordingly, we may not grant the relief requested. 
See Tex. R. App. P. 25.1(c). The cross-point is overruled.

 On appeal, Marks first claims the trial court erred in entering judgment on the jury's
finding that she breached paragraph 9 of the warranty deed. Marks contends there was no
"sale" of the property to Magnolia Independent School District (MISD) as contemplated
by the deed because the property was condemned. The jury found Marks breached the
following paragraph of the deed:

 WESLIE R. MARKS, her respective heirs, successors, and assigns expressly
reserve the right, but not the obligation, to enforce these restrictions during
their term or any renewal thereof, and expressly agree that the sale of all or
any portion of the balance of the said 161.804 acre tract described in that one
certain document recorded at Montgomery County Clerk's File No. 9105267
shall be restricted by these same covenants and conditions.


 There is no dispute the property in question was condemned by MISD. Rather, the
Martins argue "sale" was not defined, and the jury could define it "either narrowly or
broadly to include the friendly condemnation that occurred in this case." They assert "[i]f
a sale is required to find a breach . . ., a broad definition of the word sale would within
its meaning allow the entry of an enforceable EMC [earnest money contract], especially
with an entity that [had] the power of eminent domain, or friendly condemnation." The
Martins contend when Marks signed the earnest money contract, she breached the warranty
deed. 

 Appellees cite no authority for this position in their brief and we are aware of none. 
It is well established that entering into an earnest money contract is not a sale, but an
agreement to sell. See Seelbach v. Clubb, 7 S.W.3d 749, 756 (Tex. App.--Texarkana
1999, pet. denied). There having been no sale, there was no evidence from which the jury
could find Marks in breach of paragraph 9 of the warranty deed. Marks' first issue is
sustained.

 The Martins also argue Marks repudiated the deed, which ripened into a breach, by
entering into the earnest money contract. As determined above, a breach never occurred
because the property was never "sold." Furthermore, the earnest money contract
expressly provided the property would be conveyed subject to restrictions "as recorded." 
Consequently, had there been a sale pursuant to the contract, it would have been
"restricted by these same covenants and restrictions" as required by the warranty deed, and
no breach would have occurred.

 The trial court's judgment is reversed and judgment rendered that Brad C. Martin
and Kathy I. Martin take nothing against Weslie Marks.

 REVERSED AND RENDERED.









 DON BURGESS

 Justice


Submitted on March 20, 2003

Opinion Delivered May 1, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.